UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TUAN VAN BUI,

      Petitioner,

v.

BRIAN ENGLISH,

      Respondent.

CAUSE NO. 3:26cv202 DRL-SJF

<u>ORDER TO SHOW CAUSE</u>

Immigration detainee Tuan Van Bui, representing himself, filed a petition under 28 U.S.C. § 2241, alleging that he is unlawfully confined in violation of the laws or Constitution of the United States. According to the petition, Mr. Bui was ordered removed in April 2005. On August 18, 2025, United States Immigration and Customs Enforcement (ICE) detained him, and he is currently held at the Miami Correctional Facility.

Mr. Bui argues that he is entitled to habeas relief because the government has detained him for more than six months and there is no significant likelihood that the government will remove him within the reasonably foreseeable future. For relief, he seeks his immediate release from custody under the terms of his supervision order.

The court has subject matter jurisdiction under 28 U.S.C. § 2241 to review the legality of petitioner's detention, but this does not extend to reviewing orders of removal issued by an immigration court or discretionary decisions of the Attorney General. *See Demore v. Kim*, 538 U.S. 510, 517 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The court has jurisdiction to review the legality of Mr. Bui's detention under 8 U.S.C. § 1231(a).

When answering the petition, the Warden should consider that some issues regarding detention under 8 U.S.C. § 1231(a) have already been decided by the court. The court has determined that neither 8 U.S.C. § 1252(b)(9) nor 8 U.S.C. § 1252(g) strips the court of jurisdiction over a habeas petition challenging a petitioner's detention under § 1231(a), *see Liang v. English*, No. 3:25cv1052, 2026 WL 835853, 2-3 (N.D. Ind. Mar. 26, 2026), and that the court has the authority to determine whether a noncitizen, who remains present within the country and who has been ordered removed, has been detained longer than necessary to secure removal, *see id.* at 3-5 (citing *Zadvydas v. Davis*, 533 U.S. 678 (2001), and *Clark v. Suarez Martinez*, 543 U.S. 371 (2005)).

To the extent the parties would raise the same arguments regarding subject matter jurisdiction or the applicable standard for analysis already discussed in *Liang* (or in the cases it cites), there is no need to rehash these same arguments. The parties may preserve their points, and the court will deem such arguments preserved for review without need to repeat them in full in briefing and deem them likewise addressed by the court's decision in *Liang*, unless there is cause to address something new. The parties need only brief what is different or new, not what has been decided under the law, and then those issues particular to this petitioner. Naturally, the record of whether a petitioner has met his burden of showing, or whether the government has rebutted this showing, that there is no significant likelihood of removal in the reasonably foreseeable future will be unique to each petitioner.

On February 20, 2026, Mr. Bui filed a motion for leave to proceed *in forma pauperis*. On March 3, 2026, Mr. Bui paid the filing fee for this case. Because he has already paid the filing fee, the court denies as moot the motion for leave to proceed *in forma pauperis*.

For these reasons, the court:

(1) DENIES as MOOT the motion for leave to proceed *in forma pauperis* (ECF 3);

(2) DIRECTS the clerk to serve a copy of this order and the petition (ECF 1) on the Warden of the Miami Correctional Facility at the Indiana Department of Correction;

(3) DIRECTS the clerk to email a copy of this order and the petition (ECF 1) to (a) the Indiana Department of Correction; (b) the Warden of the Miami Correctional Facility at the Miami Correctional Facility, and (c) the United States Attorney for the Northern District of Indiana;

(4) ORDERS the entities listed in the previous order line to acknowledge receipt of the petition to the clerk and DIRECTS the clerk to make a notation on the docket upon receiving confirmation of receipt of those deliveries;

(5) ORDERS the Warden of the Miami Correctional Facility to file a brief status report by **April 6, 2026**, with a continuing obligation to supplement with new information, detailing whether there are plans to remove Tuan Van Bui from the United States in the next thirty days and, if so, to where;

(6) ORDERS the Warden of the Miami Correctional Facility to answer the petition by **April 9, 2026**, including, in addition to any other relevant evidence, (a) a copy of the Order of Supervision that was revoked, a copy of the decision revoking his Order of Supervision, and any documentation relevant to those decisions; (b) the date of the informal interview and any other custody reviews following Tuan Van Bui's re-detention and documentation from those matters, and (c) the dates any travel documents have been requested and the countries from which those travel documents have been requested; and

(7) ORDERS that Tuan Van Bui may file a reply by **April 30, 2026**.

SO ORDERED.

April 2, 2026

*s/ Damon R. Leichty*
Judge, United States District Court